RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA

DATE _12_ , _18_ , _07_

BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JONATHAN HAILE                           DOCKET NO. 07-CV-1861; SEC. P

VERSUS                                   JUDGE DRELL

RICHARD STALDER                          MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Haile filed a civil rights complaint (42 U.S.C. §1983) *pro se* and *in forma pauperis*. Plaintiff was incarcerated at the Avoyelles Correctional Center ("AVC"), and he claims that an officer at AVC miscalculated his good time credits, resulting in Plaintiff being incarcerated past his original release date. [Doc. #1] A memorandum order regarding Plaintiff's motion to proceed in forma pauperis [Doc. #4] was sent to Plaintiff at AVC on November 14, 2007. The Memorandum Order was returned as undeliverable on November 19, 2007, with a notation that Haile was no longer incarcerated at AVC. [Doc. #5]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts."
McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure
of an attorney or pro se litigant to keep the court apprised of an
address change may be considered cause for dismissal for failure to
prosecute when a notice is returned to the court for the reason of
an incorrect address and no correction is made to the address for
a period of thirty days."

In the instant matter, more than thirty days have elapsed
since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be
**DISMISSED** without prejudice in accordance with the provisions of
FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule
72(b), parties aggrieved by this recommendation have ten (10)
business days from service of this report and recommendation to
file specific, written objections with the Clerk of Court. A party
may respond to another party's objections within ten (10) days
after being served with a copy of any objections or response to the
district judge at the time of filing.

**Failure to file written objections to the proposed factual
findings and/or the proposed legal conclusions reflected in this
Report and Recommendation within ten (10) days following the date
of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 18th day of December, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE